# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MENDEL REIZES, on behalf of himself and all other similarly situated consumers,<br><br>        Plaintiff,<br><br>v.<br><br>    NATIONAL CREDITORS COLLECTIONS, INC.,<br><br>        Defendant. | **18-cv-01258-SJ-RER**<br>**(Jointly Administered)** |
| MENDEL REIZES, on behalf of himself and all other similarly situated consumers,<br><br>        Plaintiff,<br><br>v.<br><br>    ROSICKI, ROSICKI & ASSOCIATES, P.C., UWANYNE A. MITCHELL, ESQ. AND MEGAN SUTTELL, ESQ.,<br><br>        Defendants. | **18-cv-01567-SJ-RER**<br>**(Jointly Administered)** |
| MENDEL REIZES, on behalf of himself and all other similarly situated consumers,<br><br>        Plaintiff,<br><br>v.<br><br>    CALIBER HOME LOANS, INC.,<br><br>        Defendant. | **18-cv-02482-SJ-RER**<br>**(Jointly Administered)** |

## [PROPOSED] PROTECTIVE ORDER

This matter comes before the Court by motion of the Defendants in the above-captioned

actions (the "Defendants") for the entry of an appropriately-tailored confidentiality order

pursuant to Rule 26(c) of the Federal Rules of Civil Procedures and Rule 502(D) of the Federal

Rules of Evidence governing the disclosure and use by the parties in the above-captioned actions

(the "Parties") of all documents, testimony, exhibits, interrogatory answers, responses to requests

for admission, electronically stored information ("ESI"), and any other materials and information

(including, to avoid any ambiguity, any copies, summaries, or deviations thereof) produced or

provided by the Parties or any non-party during discovery in the above-captioned actions (the

"Litigation"). The Parties may be divulging certain material or information that is, or may be,

private, confidential information of the party and/or private and confidential information of non-

parties. Accordingly, in the view of mutual need for confidentiality, the Court enters this

Protective Order (the "Protective Order") regarding information and documents produced in this

case.

IT IS THEREFORE ORDERED that:

1. This Protective Order is being entered into to facilitate the production, exchange, and
   discovery of documents and information that the Parties agree merit confidential
   treatment. This Protective Order shall govern the handling of documents, depositions,
   deposition exhibits, interrogatory responses, admissions, ESI, and any other information
   or material produced, given, or exchanged by and among the Parties and any non-parties
   to the Litigation in connection with discovery in the Litigation (collectively, "Discovery
   Material").

2. Either party may designate Discovery Material in connection with this Litigation as
   Confidential either by notation on the document, statement on the record of the
   deposition, written notice to counsel for the Parties hereto, or by other appropriate means.
   In the case of documents produced in native, electronic form, the confidentiality can be

designated on the placeholder sheet produced along with that document, or in a confidentiality metadata field.

3.   Any Discovery Material furnished that is not designated as Confidential shall not be regarded as subject to this Protective Order; provided, however, that inadvertent production of Discovery Material without a designation of Confidential shall not itself be deemed a waiver of any party or non-party's claim of confidentiality as to such matter, and the party or non-party thereafter may designate the same as Confidential. Disclosure of any such Discovery Material by any party prior to designation of such Discovery Material as Confidential by any party or non-party shall not be deemed a violation of this Protective Order.

4.   Any Discovery Material produced or made available by any party or their attorneys that is designated Confidential shall be treated as confidential and proprietary by all other parties and their attorneys, and shall be used for no purpose other than prosecuting, defending, deciding, or settling the legal claims between the parties in this Litigation. The Parties and their attorneys shall not disclose any Discovery Material designated as Confidential to any other person, firm, or corporation, except to the extent that pre-trial and trial preparation require that such Confidential Discovery Material be disclosed to insurers, persons in the employment of the parties or the counsel for the Parties, or employees of the law firms of such counsel, or to persons who may be called as witnesses in the case, all of whom will be subject to and bound by the prohibition against disclosure set forth in this Protective Order. No such disclosure shall be made to any person, firm, or corporation, including, but not limited to, any investigator, consultant, and/or consulting or testifying expert witnesses, for any reason unless and until such person,

firm, or corporation has been first furnished with a copy of this Protective Order and has agreed that he, she, or it will faithfully observe its provisions, as evidenced by his or her signature on a Certification in the form attached hereto as Exhibit "A." Discovery Material designated as Confidential shall not be posted or published on any Internet sites or message boards. Protected Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.  Discovery Material designated Confidential shall include (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of briefs, memoranda, or any other writings filed with the Court and exhibits thereto which contain or reflect the content of any such documents, copies, extracts, or summaries; (c) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 6 below; and (d) deposition testimony and/or exhibits designated in accordance with Paragraph 7 below.

6.  With respect to testimony elicited during hearings and other proceedings, whenever counsel for either party deems that any question or line of questioning calls for the disclosure of information that should be kept Confidential, counsel may designate on the record prior to such disclosure that the disclosure is Confidential. Whenever a matter is designated as Confidential is to be discussed in a hearing or other proceeding, the party claiming such confidentiality may exclude from the room any person who is not entitled under this Protective Order to receive such information.

7.  Deposition transcripts, or portions thereof, may be designated as subject to this Protective Order either (a) before or immediately after the testimony is recorded, in which case the

transcript of the designated testimony shall be bound in a separate volume and designated

Confidential by the reporter, as the designating party may direct; or (b) by written notice

to the reporter and all counsel of record, given within thirty (30) days after the transcript

is received or filled by the witness or his counsel or by any party or its counsel, in which

case, all counsel receiving such notice shall be responsible for making the copies of the

designated transcript in their possession or under their control as directed by the

designating party.  The designating party shall have the right to exclude all persons

except counsel of record, the deponent, the parties (or the designated representative of a

party) and any consultant or expert retrained for purpose of this litigation, from a

deposition before the taking of testimony that the designating party designates as

Confidential under this Protective Order.

8.      Unless otherwise ordered by the Court, no party shall file Confidential documents as

exhibits to a motion or brief unless the Confidential information contained in such

documents is appropriately redacted, or unless the Confidential documents are filed under

seal or otherwise submitted to the Court in a fashion that prevents the Confidential

information from being available in the public record.  The Parties agree to cooperate in

the filing of any motion to file under seal, which shall be drafted by the offering party.

9.      In the event a party receives a court order, subpoena, request for disclosure, or other form

of notice or discovery (the "Order"), requiring production or inspection of any document,

or the content of any document, marked Confidential, the party receiving the Order (the

"Compelled Party") shall (i) immediately notify the party which labeled the Discovery

Material as Confidential ("Labeling Party") of the existence, terms, and circumstances

surrounding such request; (ii) prior to the production of any such Discovery Material,

consult with the Labeling Party to determine whether the Labeling Party desires to take legally-available steps to resist or narrow such request; and (iii) no earlier than five (5) days after notification to the Labeling Party as set forth herein, provided no legally-available steps have been taken by the Labeling Party to prevent or limit the production of the Discovery Material, furnish only such portion of the Discovery Material as, in the sole opinion of counsel for the Compelled Party, is required to fully comply with the Compelled Party's legal obligation pursuant to the Order.

10.   If a party learns that, by inadvertence or otherwise, it has disclosed Confidential material to any person or in any circumstance not authorized under this Protective Order, the party must, as soon as practicable, but in any event, not longer than five (5) business days after discovery by counsel of the disclosure, (a) notify all parties in writing of the unauthorized disclosures; (b) make reasonable efforts to retrieve all copies of the Confidential Discovery Material; (c) inform the person or persons to whom unauthorized disclosures were made in all the terms of this Order; and (d) request such person or persons to execute Exhibit A to the Order.

11.   The designation of any material as Confidential is not intended to, and shall not be construed as, an admission that the Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence. The party receiving the Discovery Material (the "Receiving Party") may, at any time, notify the party producing the Discovery Material (the "Producing Party") that the Receiving Party does not concur in the designation of Discovery Material as Confidential. The Parties shall meet and confer in good faith regarding any such disagreement over the classification of Discovery Material and if the

Producing Party does not agree to change the designation of such Discovery Material, the Receiving Party may move the Court for an order removing the designation of such Discovery Material as Confidential.  Upon such a motion, the Producing Party shall bear the burden to prove that the Discovery Material in question is Confidential.  If such a motion is filed, the Discovery Material shall be deemed Confidential, with the same confidentiality designation as asserted by the Producing Party, unless and until the Court rules otherwise.  Additionally, this Protective Order shall not preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of documents or other discovery material as that party may consider appropriate.

12.    Counsel for each party shall make and keep in his file a record of the names and addresses of all persons, other than the parties and persons employed in counsel or by the law firm of counsel for the parties, to whom any disclosure is made, and shall keep copies of all signed Certifications.  Counsel shall furnish such list to the Court for an in camera inspection whenever required by the Court at the request of any party.

13.    Any designation of Discovery Material as Confidential shall be made in good faith.  In the event that any party objects to the designation as Confidential, the parties shall attempt to resolve the dispute in good faith on an informal basis.  If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Court.

14.    At the conclusion of this case, upon request by any Producing Party, counsel shall return in a secure manner as outlined by the Producing Party or destroy in a manner outlined by the Producing Party all Confidential Discovery Material obtained during the course and progress of the case to the party or parties who furnished it, provided such Confidential

Discovery Material has not been made a part of the record of this case or removed from the protection of this Protective Order for any reason.  This paragraph of this Protective Order encompasses all copies, photographs, reproductions, notes, and other items containing any information derived from the Confidential Discovery Material made the subject of this Protective Order.

15.   None of the provisions herein constitute a waiver of any privilege or other objection that might lawfully be made to production or disclosure.

16.   Any use or disclosure of Confidential Discovery Material beyond the terms hereof will be permitted only by consent, in writing, of each and every party designating the Discovery Material as Confidential.

17.   This Protective Order shall apply to all parties in this case even if such parties are joined after entry of this Protective Order.

18.   This Protective Order may be changed by further order of this Court, and without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

19.   In the event that additional Parties join or are joined in this Litigation, they shall not have access to Confidential Discovery Material until the newly joined party, by its counsel, has executed and filed with the Court its agreement to be fully bound by this Protective Order.

20.   For the avoidance of doubt, nothing herein shall preclude counsel from giving advice to his or her client in this Litigation that includes a general evaluation of Confidential Discovery Material, provided that counsel shall not disclose the contents of any Confidential Discovery Material in violation of the terms of this Protective Order.

21.  Any party, in conducting discovery from non-parties in connection with the Litigation, must provide any non-party from which it seeks discovery with a copy of this Protective Order so as to inform each such non-party of his, her or its rights herein.  If a non-party provides discovery to any party in connection with the Litigation, the provisions of this Protective Order shall apply to such discovery as if such discovery were being provided by a party.  Under such circumstances, the non-party shall have the same rights and obligations under the Protective Order as held by the Parties.  For the avoidance of doubt, non-parties may designate Discovery Material as Confidential Discovery Material pursuant to Paragraph 2 as set forth herein.

22.  To maximize the security of information in transit, any media on which Confidential Discovery Material is produced shall be encrypted by the Producing Party.  In such cases, the Producing Party shall transmit the encryption key or password to the Receiving Party, under separate cover, contemporaneously with sending the encrypted media.  If a party provides another party's Confidential Discovery Material to a third party, as identified and permitted under this Protective Order, that party shall comply with the requirements of this paragraph as if it were the Producing Party.

23.  The confidentiality obligations imposed by this Protective Order shall remain in effect until the Parties agree otherwise in writing or this Court orders otherwise. Except as provided by law or other regulatory authority or unless otherwise ordered or agreed in writing by the parties, within sixty (60) calendar days after the final termination of all actions in the Litigation, including any appeals, each party shall undertake reasonable efforts to return Confidential Discovery Material, or, at the opinion of the party

possessing the Confidential Discovery Material, to destroy all Confidential Discovery Material.

24. Any party in one of the coordinated actions in this Litigation may share Confidential Discovery Material produced in this Litigation with any other party in this Litigation, so long as the sharing of information is done without prejudice to any other party, does not otherwise violate the terms of the Protective Order, and is otherwise permitted by law.

## ORDER

IT IS SO ORDERED

DATED:_____          _____
                                THE HONORABLE RAMON E. REYES, JR.
                                UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MENDEL REIZES, on behalf of himself and all other similarly situated consumers, | |
| Plaintiff, | **18-cv-01258-SJ-RER** |
| v. | **(Jointly Administered)** |
| NATIONAL CREDITORS COLLECTIONS, INC., | |
| Defendant. | |
| MENDEL REIZES, on behalf of himself and all other similarly situated consumers, | |
| Plaintiff, | **18-cv-01567-SJ-RER** |
| v. | **(Jointly Administered)** |
| ROSICKI, ROSICKI & ASSOCIATES, P.C., UWANYNE A. MITCHELL, ESQ. AND MEGAN SUTTELL, ESQ., | |
| Defendants. | |
| MENDEL REIZES, on behalf of himself and all other similarly situated consumers, | |
| Plaintiff, | **18-cv-02482-SJ-RER** |
| v. | **(Jointly Administered)** |
| CALIBER HOME LOANS, INC., | |
| Defendant. | |

**UNDERTAKING FOR THE USE OF CONFIDENTIAL INFORMATION**

I, _____, state that:

1.    My business address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____.

4.    I have received a copy of the Stipulation and Agreed Protective Order (the "Protective Order") entered in the above-entitled actions (the "Litigation") on _____.

5.    I have carefully read and understand the provisions of the Protective Order.

6.    I will comply with all of the provisions of the Protective Order.

7.    I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Litigation, any Confidential Discovery Material that is disclosed to me.

8.    At the conclusion of my work on this matter, I will return or destroy, to the extent permitted by law, all Confidential Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the Party by whom I am employed or retained, or to counsel from whom I received the Confidential Discovery Material.

9.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulation in this Litigation.


Dated: _____          By: _____